CHRISTENSEN, Respondent, v. HOLM, et al, Appellants.

(144 N. W. 919.)

**1. Evidence—Weight of Evidence—Number of Witnesses.**

The jury has the right to believe the plaintiff and to dis-believe all the witnesses who testified for defendants, since the weight of testimony, is not to be determined alone from the number of witnesses testifying upon a disputed question of fact.

**2. Evidence—Question of Fact—Truth of Plaintiff's Statement—Contradiction by Many.**

In an action to recover for assault and battery, where plain-tiff's testimony was contradicted by both defendants and others present at the transaction involved, the verdict being in plain-tiff's favor, held, that for the purposes of the appeal, the testi-mony of plaintiff must be taken as true.

**3. Assault and Battery—Sufficiency of Evidence.**

Evidence, in a civil action for assault and battery, held, to sustain the verdict in his favor.

**4. Appeal—Error—Harmless Error—Evidence—Unspecified Objec-tion.**

Where no grounds of objection are stated in an objection to a question, a ruling sustaining the objection is not error, if the question was objectionable upon any ground.

**5. Assault and Battery—Evidence—Quarrelsome Nature of Parties—Specific Acts—Plaintiff's Cross-examination.**

In a civil action for assault and battery, the question whether plaintiff was generally of a quarrelsome nature, and whether defendant had knowledge thereof, while a proper inquiry for the defense, was no part of plaintiff's cause of action, and, if ma-terial, could not be proven by specific acts, sought to be elicited on plaintiff's cross-examination.

**6. Witnesses—Cross-examination—Assault and Battery—Harmless Error.**

In a civil action for assault and battery, a question to defend-ant on cross-examination as to whether he had been engaged in dozens of scraps or fights at picnics or wherever he went, is not proper cross-examination, the issue being, who was the aggressor on the occasion involved?

**7. Evidence—Assault and Battery—Defendant's Cross-examina-tion—"Scrappers"—Harmless Error.**

In a civil action for assault and battery, where there was more or less evidence on both sides tending to show that the parties were "scrappers," error in cross-examining defendant as to whether he had been engaged in numerous scraps, was harmless.

**8.   Assault and Battery—Excessive Damages.**

> A verdict of $250 for an assault in which plaintiff was shown to have been pounded until he could resist no longer, held, not to have been excessive.

(Opinion filed January 12, 1914.)

Appeal from Circuit Court, Brookings County.   Hon. C. X. SEWARD, Judge.

Action by Jeppe Christensen against Chris Holm and another, for assault and battery.   From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.   Affirmed.

*Hall, Alexander & Purdy,* for Appellants.

The evidence did not tend to show that the defendant Christensen, either singly, or jointly with the defendant Holm, committed any assault or battery upon the plaintiff.

Defendants' plea of son assault de mesne is supported by practically undisputed testimony.

The verdict was excessive, and apparently given under the influence of prejudice and passion.

The evidence, practically uncontradicted, shows that the altercation was commenced by, and assault committed by the plaintiff upon the defendant Holm, and such evidence further shows that the plaintiff sustained no material injury, and consequently no actual damage as a result of the encounter.   2 Addison on Torts, 735 Murray v. Leonard, 75 N. W. 272 (S. D.)

No appearance in behalf of Respondent.

McCOY, J.   This is a civil action to recover damages for assault and battery.   Defendants denied assaulting plaintiff, and alleged that plaintiff first assaulted defendant Holm, and that Holm thereupon in self-defense necessarily and without the use of unnecessary force protected himself from the assault of plaintiff. There was a verdict and judgment in favor of plaintiff for $250 against both defendants.   A motion for a new trial was denied, and defendants appeal.

[1-3] Appellants urge that the evidence is insufficient to sustain a verdict against either defendant in that there was no evidence tending to show that either defendant committed any assault upon plaintiff.   In substance plaintiff testified that he had broken his wagon on the highway; that defendants came along in a buggy and stopped and asked plaintiff if he wanted help, and he

told them he did not, but inquired if they had a wrench, and defendants answered that they had not; that defendant Holm then said, "We will help you with some hay; you want some hay;" and Holm then got out of the buggy and came to where plaintiff was standing and the first thing struck plaintiff on the head with his fist, and that plaintiff pushed him away and told him he would have nothing to do with him, and told him to let plaintiff alone; that he swore at plaintiff, and the horses of plaintiff became scared, and that plaintiff reached for the lines, and that then Holm again struck plaintiff on the head and pounded plaintiff as fast as he could until plaintiff could work no longer, and then Holm went to the buggy and went away. When they first came up Holm was driving. Christensen held the lines when Holm got out. When Holm was pounding plaintiff, Christensen said, "That is right, give it to him." Plaintiff further testified to having had trouble with Holm about a year previous in relation to a stack of hay and trespassing cattle. Both defendants and members of their family who were present in the buggy, testified that neither of defendants assaulted plaintiff; that, when Holm got out of the buggy and went up to plaintiff, plaintiff without warning first struck Holm, and that Holm pushed him away as fast as he could; and that as soon as plaintiff ceased his assaults Holm got in the buggy and left. It was the sole province of the jury to settle this conflict of testimony. The jury had the right to believe the statements of plaintiff and to disbelieve all the various witnesses who testified for defendants. The weight of testimony is not to be determined alone from the number of witnesses who may testify upon a disputed question of fact. So far as this appeal is concerned, the testimony of plaintiff must be taken as true. We are of the opinion there was ample evidence to sustain a verdict for plaintiff against both defendants.

[4, 5] On cross-examination of plaintiff, after his examination in chief, he was asked, "Haven't you told him repeatedly that you were a great scrapper and that you and your brother used to clean out dance houses in the old country?" The question was objected to, no grounds being stated, and the objection was sustained, and defendant excepted. When the court sustains an objection to a question, where no grounds of objection are stated, if the question was objectionable on any ground, the ruling of the

court will not constitute error. Whether plaintiff generally was of a quarrelsome nature or not, and whether defendant had knowledge thereof, was a proper subject of inquiry in connection with the defense but was surely no part of plaintiff's cause of action, and furthermore, such quarrelsome nature could not be proven by specific acts. The objection was properly sustained.

[6, 7] On cross-examination of defendant Holm, he was asked: "Now, Chris, as a matter of fact, haven't you been engaged in dozens of scraps or fights at picnics or wherever you go?" To this question defendant objected on the ground of not proper cross-examination, and the objection was overruled, and defendant excepted. While this question was not proper cross-examination, still we are of the view that defendants were not prejudiced by the answering of this question. There was more or less evidence on both sides of this case outside of this question tending to show that both plaintiff and defendant were "scrappers," and which evidence, under the circumstances of this case, could have had but little, if any, weight with the jury. The real issue was: Who was the aggressor, under the evidence, as to what took place on the occasion in question?

[8] Appellants contend that the verdict is excessive but we are of the opinion that this contention is untenable. Many other assignments of error are urged, most of which relate to the reception or rejection of evidence, all of which have been examined, but we are of the opinion that no reversable error exists therein.

The judgment and order appealed from are affirmed.